# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TSUDIS CHOCOLATE COMPANY, a Pennsylvania corporation, | ) ) ) | |
| Plaintiff / Counter-Defendant, | ) ) | |
| v. | ) ) | 02: 07cv1574 |
| FGH CONSULTING USA, INC., a Florida corporation, | ) ) ) ) | |
| Defendant / Counter-Plaintiff. | ) | |

## MEMORANDUM OPINION AND ORDER

Presently pending before the Court for disposition is the MOTION TO PARTIALLY DISMISS COUNTERCLAIM, with brief in support, filed by Plaintiff and Counterclaim Defendant, Tsudis Chocolate Company ("Tsudis Chocolate") (*Document Nos. 8 and 9*, respectively) and the brief in opposition filed by Defendant and Counterclaim Plaintiff, FGH Consulting USA, Inc. ("FSH") (*Document No. 12*).

Courts use the same standard in ruling on a motion to dismiss a counterclaim under Federal Rule of Civil Procedure 12(b)(6) as they do for a complaint. *United States v. Union Gas Co.*, 743 F. Supp. 1144, 1150 (E. D. Pa. 1990). In view of the appropriate legal standard, this Court must "accept as true all of the allegations in the [Defendant's Counterclaim] and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989).

This case arises from alleged oral contracts between Tsudis Chocolate and FGH. According to the Complaint, FGH breached two (2) separate contracts between the parties when

FGH unlawfully failed to pay Tsudis Chocolate a total principal amount of $324,762.74 for chocolate products that FGH ordered and Tsudis Chocolate manufactured at FGH's direction.

In its Counterclaim, FGH alleges that Tsudis Chocolate was required by contract to manufacture chocolate products containing all natural ingredients that conformed to the ingredients, nutritional information, and taste of a sample product that FGH supplied. *See* Counterclaim, ¶ 4. FGH claims that Tsudis Chocolate breached the contracts because its product contained artificial ingredients, and the ingredients, nutritional information, and taste of the bars it delivered did not conform to those of FGH's sample product. FGH also alleges a fraudulent misrepresentation claim that essentially mirrors the allegations of the breach of contract claim. *See* Paragraph 10 of the Counterclaim.

Plaintiff / Counterclaim Defendant asserts that Count Two of the Counterclaim (Fraudulent Misrepresentation) must be dismissed under the "gist of the action" doctrine and "economic loss doctrine." Defendant / Counterclaim Plaintiff responds that the matters raised in the motion to dismiss are premature and that "FGH should be permitted to pursue both causes of action in the alternative."

I.      ***Gist of the Action Doctrine***.[1]

The gist of the action doctrine bars tort claims which arise solely from a contract between the parties. *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 680 n. 8 (3d Cir. 2002) (*citing Phico Insurance Co. v. Presbyterian Medical Services Corp.*, 663 A.2d 753, 757 (Pa. Super. 1995)). The doctrine is based on the notion that the "important difference between contract and tort actions is that the latter lie from the breach of duties imposed as a matter of social policy while the former lie for the breach of duties imposed by mutual consensus." *Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc.*, 247 F.3d 79, 103-04 (3d Cir. 2001) (quoting *Redevelopment Auth. of Cambria County v. International Ins. Co.*, 685 A.2d 581, 590 (Pa. Super. 1996)), *cert. denied*, *Ellwood City Forge Co. v. Bohler-Uddeholm America, Inc.*, 534 U.S. 1162 (2002); *see also* e*toll, Inc. v. Elias/Savion Advertising, Inc.*, 811 A.2d 10, 14 (Pa. Super. 2002).

Many courts have struggled with whether the "gist of the action" doctrine applies to fraud cases. *See etoll*, 811 A.2d 10. In determining whether the "gist of the action" doctrine applies, a court must determine whether the source of the duties breached were "intertwined"

---

[1] Although the Pennsylvania Supreme Court has never adopted the gist of the action doctrine, the Pennsylvania Superior Court and the Court of Appeals for the Third Circuit, as well as a number of United States District Courts, have predicted that it would. *Williams v. Hilton Group PLC*, 93 Fed. Appx. 384, 385 (3d Cir. 2004); e*toll, Inc. v. Elias/Savion Advertising, Inc.*, 811 A.2d 10, 14 (Pa. Super. 2002); *Air Products and Chemicals, Inc. v. Eaton Metal Products Co.*, 256 F. Supp. 2d 329 (E. D. Pa. 2003); *Caudill Seed and Warehouse Co., Inc. v. Prophet 21, Inc.*, 123 F. Supp. 2d 826, 833 n. 11 (E. D. Pa. 2000).

Plaintiffs apparently concede that the gist of the action doctrine is Pennsylvania law, and, this Court too, predicts that the Pennsylvania Supreme Court would adopt it.

with obligations under the contract, or if they were merely collateral. *Sunquest Info. Sys., Inc. v. Dean Witter Reynolds, Inc.*, 40 F. Supp.2d 644, 651 (W.D. Pa. 1999). The court in *eToll* explained the sometimes blurred distinction: "Tort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals." *eToll*, 811 A.2d at 14 (additional citation omitted)).

Here, FGH argues that its fraud claim is collateral to the contract because "prior to the formation of the contract, Tsudis made fraudulent misrepresentations to FGH to induce FGH to contract with Tsudis for the manufacture and shipment of its chocolate product." Resp. at 4.

While it is true that the gist of the action doctrine will not bar all fraud in the inducement claims, "the particular theory of fraud-whether it lies in inducement or performance-is not dispositive." *Guy Chemical Co., Inc. v. Romaco N.V*, 2007 WL 184782 (W.D. Pa. Jan 22, 2007) at *5-6; *See also Owen J. Roberts Sch. Dist. v. HTE, Inc.*, 2003 WL 735098 n. 4 (E.D. Pa. Feb.28, 2003) (applying the gist of the action doctrine to a fraud in the inducement claim where the pre-contractual statements regarding ability to supply software in a timely manner were ultimately addressed in the contract); *Galdieri v. Monsanto Co.,* 245 F. Supp.2d 636, 650 (E.D. Pa. 2002) (dismissing the plaintiff's fraudulent inducement claim under the gist of the action doctrine where the alleged fraud was that the defendant never intended to perform). Rather, the test to be applied to claims of fraud in the inducement remains the same as that set forth in *eToll*. *Id.*

A tort claim is barred by the gist of the action doctrine if: (1) it arises solely from a contract between the parties; (2) the duties allegedly breached were created and grounded in the contract itself; (3) the liability stems from a contract; or (4) the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract. *Williams v. Hilton Group, PLC*, 261 F. Supp.2d 324, 327-28 (E.D. Pa. 2003) (*citing eToll*, 811 A.2d at 19)).

The Court acknowledges, as FGH argues, that it must exercise caution in making a determination regarding the gist of the action at this early stage of the case. *See Weber Display and Packaging v. Providence Washington Insurance Co.*, 2003 WL 329141 (E.D. Pa. Feb.10, 2003). However, the Court finds that it is evident from a review of the Counterclaim that FGH's claims of fraud are based in contract.

Among the allegations made by FGH in its affirmative defenses to Plaintiff's breach of contract claim is that "[Tsudis] is barred from pursuing this action against [FGH] as [Tsudis] made numerous fraudulent misrepresentations regarding the chocolate product manufactured and shipped." Fifth Affirmative Defense. Count One of the Counterclaim, Breach of Contract, alleges that "TSUDIS manufactured and shipped a chocolate product that contained artificial ingredients and did not conform in ingredients, nutritional information, or taste to the sample product issued by FGH." Counterclaim, ¶ 5. Count Two of the Counterclaim, in which fraud is alleged, states that Tsudis Chocolate "in soliciting and inducing FGH to contract with Tsudis, made a wide variety of false statements to FGH, including, but not limited to the following: (1) the chocolate would be manufactured with all natural ingredients; (2) the chocolate would be manufactured with no artificial flavoring; (3) the chocolate product would be manufactured to

conform with the nutritional information of the sample product provided by FGH; (4) the chocolate product would be manufactured to conform in taste to that of the sample product provided by FGH: (5) the chocolate product would be manufactured to conform in weight to that of the sample product provided by FGH; and (6) the chocolate product would be manufactured to conform in cocoa to that of the sample product provided by FGH." Counterclaim, ¶ 10.

The Court finds and rules that FGH's allegations of fraud are "inextricably intertwined" with the alleged failure of Tsudis to perform under the terms of the contract, as the claims pertain to the alleged representations of Tsudis with regard to the ingredients, nutritional information, and taste of a sample product that FGH supplied.

Here, the entire basis of FGH's claims of fraud exclusively involve the representations made by Tsudis regarding the ingredients, nutritional information, and taste of a sugar-free chocolate product it would manufacture. The Court cannot find the contract to be merely collateral, but rather finds that the contract is at the heart of the fraud claim. Accordingly, the Court finds and rules that the fraudulent misrepresentation claim is barred by the gist of the action doctrine.

II.     *Economic Loss Doctrine*[2]

Under Pennsylvania law, the Economic Loss Doctrine precludes recovery for economic losses in tort actions where the party seeking recovery has suffered no physical or

---

[2] Again, similar to the gist of the action doctrine, the Pennsylvania Supreme Court has never adopted the economic loss doctrine. However, based on lower Pennsylvania court decisions supporting the economic loss doctrine, our appellate court has predicted that the Pennsylvania Supreme Court would apply the doctrine in certain situations. *King v. Hilton-Davis*, 855 F.2d 1047, 1053-54 (3d Cir. 1988).

property damage. *Spivack v. Berks Ridge Corp.*, 586 A.2d 402, 405 (1991). However, the Court of Appeals for the Third Circuit has described the "economic loss doctrine" as "prohibit[ing] plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract." *Bohler-Uddeholm*, 247 F.3d at 104 (*quoting Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 618 (3d Cir. 1995)). In *Bohler-Uddeholm*, the appellate court explained that the Economic Loss Doctrine originated in the context of courts precluding products liability tort claims in cases where one party contracts for a product from another party and the product malfunctions, injuring only the product itself. 247 F.3d at 104 n. 11 (*citing East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 866-71 (1986)). As a result, although the appellate court determined that both the Economic Loss Doctrine and the Gist of the Action Doctrine are applicable to tort actions that inappropriately stem from contract liability, the Gist of the Action test "is a better fit" for non-products liability cases. *Id*.

This Court finds the reasoning of the Court of Appeals to be persuasive. As a result, the Court will decline to dismiss Plaintiffs' claims for fraud and negligent misrepresentation by operation of the Economic Loss Doctrine.

## Conclusion

For the reasons discussed supra, the Motion to Dismiss will be granted and Count Two of the Counterclaim (fraudulent misrepresentation) will be dismissed. An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TSUDIS CHOCOLATE COMPANY, a Pennsylvania corporation, | ) ) ) | |
| Plaintiff / Counter-Defendant, | ) ) | |
| v. | ) ) | 02: 07cv1574 |
| FGH CONSULTING USA, INC., a Florida corporation, | ) ) ) ) | |
| Defendant / Counter-Plaintiff. | ) | |

## ORDER OF COURT

AND NOW, this 25th day of January, 2008, in accordance with the foregoing Memorandum Opinion, the Motion to Partially Dismiss Counterclaim is **GRANTED** and Count Two of the Counterclaim is dismissed.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Brian T. Must Esquire
Metz Lewis
Email: bmust@metzlewis.com

Kevin Dooley Kent, Esquire
Conrad O'Brien Gellman & Rohn
Email: kkent@cogr.com