# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TSUDIS CHOCOLATE COMPANY, a Pennsylvania corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 02: 07cv1574 |
| FGH CONSULTING USA, INC., a Florida corporation, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM ORDER

Presently before the Court for disposition is the MOTION TO PRECLUDE THE INTRODUCTION OF EVIDENCE RELATING TO SETTLEMENT NEGOTIATIONS, with brief in support (*Document Nos. 38 and 39*) filed by Defendant FGH Consulting USA, Inc. ("FGH"), and the brief in opposition filed by Plaintiff Tsudis Chocolate Company ("Tsudis Chocolate") (*Document No. 41*). After careful consideration of the motions, the filings in support of and in opposition thereto, and the relevant case law, the Motion will be denied.

FGH has challenged Tsudis Chocolate's right to introduce twenty-three (23) exhibits and offer testimony on the parties'"business discussions" prior to the initiation of this lawsuit. FGH argues that the documents and testimony at issue reflect "compromise negotiations" and, thus, should be precluded under Federal Rule of Evidence 408.

Under Rule 408, evidence of a party "furnishing . . . a valuable consideration in compromising or attempting to compromise the claim," as well as "conduct or statements made in compromise negotiations regarding the claim," is "not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to

validity or amount, or to impeach through a prior inconsistent statement or contradiction." F.R.E. 408(a). For Rule 408 to be applicable, it must be shown that there was: (i) an offer by the defendant; (ii) acceptance by the plaintiff; (iii) and valuation consideration; (iv) in compromise of a disputed claim. The policies underlying Rule 408 favor encouraging out-of-court settlement of disputes by affording assurance that a party will not be later prejudiced by such efforts if the case nonetheless proceeds to trial. "The purpose of Rule 408 is, of course, to encourage settlements and compromises of disputed claims, which would be discouraged if such evidence were admissible." *New Jersey Turnpike Authority v. PPG Industries, Inc.*, 16 F. Supp.2d 460, 473 (D.N.J. 1998).

Key to the applicability of Rule 408 is the existence of a dispute regarding the validity or amount of the claim and some form of compromise as to that dispute. While litigation need not be threatened at the time a compromise is offered for Rule 408 to apply, the party seeking to invoke the rule must at least show that there is an actual dispute. *See Onal v. PB Amoco Corp.*, 135 Fed. App'x 515, 518 (3d Cir. 2005) ("Rule 408's exclusion applies when an actual dispute or difference of opinion exists rather than when discussions crystallize to the point of threatened litigation") (*quoting Affiliated Mfrs., Inc. v. Aluminum Co. of America*, 56 F.3d 421, 527 (3d Cir. 1995).

The Court finds and rules that FGH has not sustained its burden, *i.e.*, it has not established that the challenged documents reflect a dispute as to the validity or amount of the claim. A deliberate review of the challenged documents reveals that FGH did not dispute the amounts Tsudis Chocolate claimed to be due or the validity of its claim during the discussions. There is nothing in the challenged documents that suggests that Tsudis Chocolate's product did

not conform to the agreement of the parties or that FGH was compromising a claim it had against Tsudis Chocolate. To the contrary, the documents reflect that FGH was attempting to renegotiate its deal with Tsudis Chocolate to avoid defaulting on its separate contract to supply product to Trader Joe's.

Accordingly, FGH's motion in limine under Rule 408 to preclude evidence and testimony related to the challenged twenty-three (23) exhibits and testimony on the parties' business dealings prior to the initiation of this lawsuit is **DENIED.**

So **ORDERED** this 11th day of September, 2008.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Brian T. Must, Esquire
Metz Lewis
Email: bmust@metzlewis.com

Kenneth S. Kornacki, Esquire
Metz Lewis
Email: kkornacki@metzlewis.com

Benjamin E. Olive, Esquire
Olive & Associates
Email: ben@olive-law.com

Kevin Dooley Kent, Esquire
Conrad O'Brien Gellman & Rohn
Email: kkent@cogr.com

Tyler S. Graden, Esquire
Conrad, O'Brien, Gellman & Rohn
Email: tgraden@cogr.com